## WILLIAM CARLSON v. O. M. JOHNSON.[1]

October 5, 1923.

No. 23,520.

Oral agreement taken out of statute of frauds by part performance.

Evidence considered and *held* sufficient to justify a finding of part performance to take an oral agreement to assign a 99-year lease of real property out of the statute of frauds and to entitle defendant, in a partnership accounting, to credit of a one-half interest in the proceeds of the sale thereof.

[1] Reported in 195 N. W. 41.

Action in the district court for Hennepin county to dissolve a partnership and for an accounting. The case was tried before Dickinson, J., who made findings and found plaintiff entitled to $3,854.77 and defendant entitled to $2,868.56 of the trust fund resulting from the sale of the partnership lease. From an order denying his motion for a new trial and from an order denying his motion for amended findings and conclusions, plaintiff appealed. Affirmed.

*A. B. Darelius,* for appellant.

*Ernest Malmberg, Archie Cary* and *Thomas Kneeland,* for respondent.

QUINN, J.

Action for a partnership accounting. In his answer defendant claims that he is entitled to be credited with an interest in the 99-year lease of the premises, known as 316 Hennepin avenue, where the business was conducted. The trial court allowed such credit. Plaintiff asked for amended findings which were refused. He then moved for a new trial and from an order denying the same, this appeal was taken.

The only question raised on this appeal is whether the evidence is sufficient to take the case out of the statute of frauds and sustain the finding that defendant was the owner of and entitled to a one-half interest in the lease. In the winter of 1918, the parties, as partners, opened up a retail liquor business at this place. At about the same time the plaintiff purchased the lease, under an oral agreement, for $4,000, paying $1,000 down, the balance to be paid in instalments. This partnership business continued for about 2 months when it was terminated, plaintiff succeeding thereto on his own account.

Again the parties entered into an oral agreement in April, 1919, by the terms of which defendant was to manage plaintiff's liquor business on a salary basis until July first, when they were to become partners for the purpose of conducting a restaurant, delicatessen and soft drink business at the same place, the defendant to take personal supervision thereof. In consideration thereof defendant was to receive good pay and a one-half interest in the lease.

Thereafter the plaintiff paid the balance owing for the lease and took an assignment thereof to himself and defendant jointly.

The business was carried on pursuant to the partnership agreement until March 15, 1920, when the lease was sold for $10,000 and the business terminated. A portion of the money received for the lease was used for the purpose of paying partnership debts and the balance of $6,723.33 was placed in a bank, there to remain pending settlement of the partnership affairs.

The court found that the defendant became an equal owner, with plaintiff, of the lease, by virtue of the partnership agreement and subsequent acts of the parties, and was therefore entitled to credit for one-half of the proceeds of the sale thereof. It is clear that in anticipation of going into partnership with plaintiff upon an equal profit sharing basis, and in pursuance of the partnership agreement, defendant gave up his position with the American Distillery Company, and gave his time and services to the partnership affairs. The partnership was in possession of the premises from July until the following March. The rent was paid out of partnership funds and the place insured as partnership property. All of these matters were brought about through the personal co-operation of plaintiff. We are unable to see how the oral agreement, as the defendant says its conditions were, and as the court found them to be, could have been more fully performed and carried into effect. It is manifest that the parties, by their conduct, gave full effect to their oral agreement and thereby warranted the finding of the trial court, that the same was taken out of the statute of frauds and that the defendant was entitled to credit for one-half of the proceeds of the sale of the lease. 3 Dunnell, Minn. Dig. § 8885.

Affirmed.